UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KENDRICK TERRELL GOLATT, SR. | CIVIL ACTION NO. 23-857 |
| VERSUS | JUDGE EDWARDS |
| PENDLETON, and SCHOOL BOARD OF CADDO PARISH | MAG. JUDGE MCCLUSKY |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss (R. Doc. 16) filed by Defendant Kim Pendleton. Plaintiff Kendrick Golatt is *pro se* and opposes (R. Doc. 18). Plaintiff alleges that he was discriminated upon based on disability and sex, and Plaintiff further alleges that he was sexually harassed.[1] These allegations, Plaintiff asserts, are a violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 2008 (ADA).[2]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED** and Plaintiff's claims under Title VII and the ADA against the individual defendant are **DISMISSED with prejudice**.

I. BACKGROUND

Mr. Golatt is an employee at Southwood High School under the Caddo Parish School Board and brought this case against the school's principal, Kim Pendleton, as well as the Caddo Parish School Board.[3] Mr. Golatt alleges Ms. Pendleton violated his rights under Title VII by sexually harassing him, retaliating against

---

[1] R. Doc. 1.
[2] R. Doc. 8 at 1; R. Doc. 1-2.
[3] R. Doc. 1-2 at 1.

him, and creating a hostile work environment.[4] Plaintiff further alleges that Defendant Pendleton violated the ADA by suggesting drug abuse.[5] Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and the EEOC issued him a notice of right to sue.[6] Plaintiff filed suit in this Court on June 23, 2023.[7]

Defendant Pendleton filed the instant Motion to Dismiss on November 8, 2023.[8] Pendleton argues that she is an employee of the Caddo Parish School Board thus she cannot be held personally liable for Plaintiff's discrimination, harassment, or retaliation claims under Title VII or the ADA.[9] In her Motion, Defendant addresses Title VII's bar on imposing liability upon an individual unless they meet Title VII's definition of employer.[10] Defendant also alleges that a plaintiff cannot maintain a suit against an individual employee under Title VII when the plaintiff also sues his or her employer.[11] Defendant similarly alleges that the ADA does not impose individual liability.[12] Therefore, the Title VII and ADA claims against Ms. Pendleton should be dismissed.[13] Defendant Pendleton's Motion does not seek

---

[4] R. Doc. 1 at 1.
[5] R. Doc. 1 at 1.
[6] R. Doc. 1-2 at 14.
[7] R. Doc. 1.
[8] R. Doc. 16.
[9] R. Doc. 16 at 2 (Defendant used "Title XII" in the Motion but analyzed Title VII, so the Court assumes "Title VII" applies).
[10] R. Doc. 16-1 at 4.
[11] R. Doc. 16-1 at 4.
[12] R. Doc. 16-1 at 5-6.
[13] R. Doc. 16-1 at 6.

dismissal of Plaintiff's claims against other parties but is limited to claims brought against her individually under Title VII and the ADA.[14]

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.[15] The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.[16] The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."[17] When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.[18] Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.[19]

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto.[20] "Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are

---

[14] Mr. Golatt appears to misinterpret the Motion to Dismiss as dismissing all his claims instead of dismissing just the claims against Ms. Pendleton (*Compare* R. Doc. 16 at 1 ("Kim Pendleton…moves this Court…to dismiss all of Plaintiff's claims against Kim Pendleton…") *with* R. Doc. 18 at 1 ("The Plaintiff shows the following reasons why the docket matter should not be dismissed…").
[15] *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).
[16] *Id.*
[17] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[18] *Id.* at 679.
[19] *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).
[20] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

referred to in the plaintiff's complaint and are central to her claim."[21] Indeed, any documents attached to the briefing on a motion to dismiss may be considered by the Court if the documents are sufficiently referenced in the complaint and no party questions their authenticity.[22]

A document filed *pro se* is "to be liberally construed,"[23] and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[24]

### III.   LAW & ANALYSIS

Plaintiff's complaint alleges Kim Pendleton engaged in sexual harassment, retaliation, and a hostile work environment in violation of Title VII.[25] Further, he alleges she violated the ADA "by harmfully suggesting drug abuse."[26]

1. **Ms. Pendleton's Liability Under Title VII**

Title VII permits lawsuits against employers, which it defines as "a person engaged in an industry affecting commerce who has fifteen or more employees … and any agent of such a person."[27] An agent of an employer can include supervisors who have been "delegated the employer's traditional rights, such as hiring and firing."[28] However, while the statute includes "agents" in its definition of "employer," the Fifth Circuit has consistently held that this does not impose

---

[21] *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).
[22] *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008).
[23] *See e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[24] *Id.* (internal quotation marks omitted); Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").
[25] R. Doc. 1 at 1.
[26] R. Doc. 1 at 1.
[27] 42 U.S.C. § 2000e-2 et seq.
[28] *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990).

personal liability on employees.[29] Instead, Congress's intent in extending the definition of "employer" to include agents was to establish *respondeat superior* liability, making employers responsible for the actions of their agents.[30] Consequently, a Title VII claim against an employee is effectively a claim against the employing entity itself.[31] For this reason, claims against individual employees in their personal capacities are not permitted under Title VII and should be dismissed. Furthermore, when an agent is acting on behalf of an employer, any recovery must be sought against the employer in the agent's official (not personal) capacity.[32]

At the time of the alleged wrongful conduct, Ms. Pendleton was the principal of Southwood High School. In her role as principal, the Caddo Parish School Board vested her with the authority to hire and fire employees, which qualifies her as an "agent" of the school board under Title VII. Nonetheless, Ms. Pendleton remains a fellow employee of the school board alongside Mr. Golatt. Because she acted as an agent of the school board, any Title VII claim against her must be pursued against the employer (the school board). Accordingly, the claims against Ms. Pendleton in her personal capacity must be dismissed.

Plaintiff also cannot maintain his suit against Kim Pendleton in her official capacity. The Fifth Circuit has held that a plaintiff may not "maintain an action against both a corporation and its agent in an official capacity [in a Title VII action]

---

[29] *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999).
[30] *Indest*, 164 F.3d at 262; *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994).
[31] *Glover v. Lafayette Consol. Gov't*, No. 6:23-CV-00270, 2024 WL 3498777, at *2 (W.D. La. July 22, 2024).
[32] *Watson v. Sch. Bd. of Franklin Parish*, 2020 U.S. Dist. LEXIS 216432, at *5 (quoting *Harvey v. Blake*, 913 F.2d 226, 227-28 (5th Cir.1990)).

because effectively the corporation could be held liable twice for the same act."[33] Here, Plaintiff has named the Caddo Parish School Board as a defendant.[34] Therefore, maintaining a claim against Ms. Pendleton in her official capacity is redundant, and dismissal is warranted.

For these reasons, the Title VII claims against the individual defendant, Ms. Kim Pendleton, must be **DISMISSED with prejudice**.

   2. **Ms. Pendleton's Liability Under the ADA**

Ms. Pendleton argues that Mr. Golatt cannot state a claim against her under the ADA because several district courts within the Fifth Circuit have held that, like Title VII, "individuals may not be held liable under the ADA."[35]

While the Fifth Circuit has not directly addressed whether an employer's agent or employee can be held personally liable under the ADA, district courts within the Fifth Circuit have concluded that there is no personal liability under the statute.[36] Furthermore, although neither the Supreme Court nor the Fifth Circuit have explicitly resolved this issue, several circuit courts have held that individuals may not be held liable under the ADA, despite the agent provision in the definition of "employer."[37]

---

[33] *Indest*, 164 F.3d at 262; *see also Smith v. Amedisys Inc.*, 298 F.3d 434, 449 (5th Cir. 2002) ("a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity.").
[34] R. Doc. 9.
[35] R. Doc. 16-1 at 5 (internal quotations omitted).
[36] *See e.g., Starkman v. Evans*, 18 F.Supp.2d 630, 632 (E.D. La. 1998) (finding that employee could not be held individually liable under the ADA); *Robertson v. Neuromedical Ctr.*, 983 F.Supp. 669, 670 n. 1 (M.D. La. 1997) (dismissing ADA claims against several individual doctors and reasoning that "as there is no individual liability under Title VII or the ADEA, so likewise there should be no individual liability under the ADA").
[37] *See, e.g., Roman–Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 51–52 (1st Cir. 2011) (holding that plaintiff's claims under Title I of the ADA against co-workers were properly dismissed

Considering (a) the similarities between the definition of "employer" in Title VII and the ADA, (b) the similar purposes of the two statutes, (c) the Fifth Circuit's consistent holdings that individuals cannot be held liable under Title VII in either their personal or official capacities, and (d) the weight of authority from other circuits and district courts, this Court concludes that individuals cannot be held liable under the ADA.

Thus, this Court finds that Plaintiff's ADA claims against Kim Pendleton are not legally cognizable and must be **DISMISSED with prejudice**.

## IV. CONCLUSION

For the reasons stated,

Defendant Pendleton's Motion to Dismiss is **GRANTED**. Plaintiff's claims under Title VII and the ADA against Defendant Pendleton, in both her personal and official capacities, are **DISMISSED** with prejudice. This dismissal does not affect Plaintiff's claims, if any, against other defendants named in this lawsuit

---

in accordance with the "virtually universal view" that Title I of the ADA, like Title VII, does not impose individual liability); *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037–38 (9th Cir. 2006); *Fasano v. Fed. Reserve Bank of New York*, 457 F.3d 274, 289 (3d Cir. 2006); *Pritchard v. S. Co. Servs.*, 102 F.3d 1118, 1118 n. 7 (11th Cir. 1996) (individual liability precluded under Title I of ADA in light of the similarities between Title VII and ADA definitions of "employer" and the Circuit's previous holding that there is no individual liability under Title VII); *Butler v. City of Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999) ("Because we can discern no meaningful distinction between the definitions of 'employer' in Title VII and the ADA ... we now hold that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition."); *Corr v. MTA Long Island Bus*, No. 98–9417, 1999 WL 980960, at *2 (2d Cir. Oct. 7, 1999) (unpublished); *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995) (rejecting the argument that employer's president could be held liable under the "plain language" of the agent provision in the ADA on the grounds that the "agent" provision was designed to render employers vicariously liable for the acts of their agents).

**THUS DONE AND SIGNED** in Chambers this 11th day of December, 2024.

                                            **JERRY EDWARDS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**